# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MILO VAREEN DAVIS,<br><br>    Defendant. | No. 10-CR-41-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Milo Vareen Davis's "Motion to Strike Surplusage from the Indictment" ("Motion") (docket no. 18).

## *II. RELEVANT PROCEDURAL HISTORY*

On May 21, 2010, a grand jury returned a two-count Indictment (docket no. 2) against Defendant. Count 1 charges Defendant with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 851, following a previous conviction for a felony drug offense. Count 2 charges Defendant with Money Laundering, in violation of 18 U.S.C. § 1956.

On February 22, 2011, Defendant filed the Motion. On March 3, 2011, the government filed its Resistance (docket no. 27).

## *III. ANALYSIS*

The Indictment charges that "[b]etween about 1997 and continuing through about 2006 . . . [D]efendant . . . did knowingly and unlawfully combine, conspire, confederate, and agree with others . . . to distribute *50 grams* or more of a mixture or substance containing a detectable amount of cocaine base[.]" Indictment at 1 (emphasis added).

On August 3, 2010, President Barack Obama signed into law the Fair Sentencing Act of 2010 ("FSA"). The FSA amended the quantities of cocaine base required to trigger

mandatory minimum sentences from 50 to 280 grams and from 5 to 28 grams. FSA, Pub. L. No. 111-220 § 2, 124 Stat. 2372. Defendant argues that the FSA rendered the drug quantity in the Indictment superfluous and that it should be stricken.

The Eighth Circuit Court of Appeals has held that the FSA "contains no express statement that it is retroactive" to defendants that have already been sentenced. *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). The government argues that *Brewer* ends the inquiry and that all criminal conduct occurring prior to the FSA's enactment falls under the previous sentencing structure. It bases its position on the Federal Savings Statute, 1 U.S.C. § 109, which "was enacted to overcome the common law rule that all pending prosecutions abate when a criminal statute is repealed." *Martin v. United States*, 989 F.2d 271, 273 (8th Cir. 1993). The Savings Statute states:

> [t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109. "[T]he Supreme Court has held that the predecessor to the Savings Statute need not be enforced if 'either by express declaration or necessary implication arising from the terms of the law as a whole, it results that the legislative mind will be naught by giving it effect.'" *United States v. Elder*, 10-CR-132, 2011 WL 294507, at *4 ( N.D. Ga. Jan. 27, 2011) (quoting *Great N. Ry. Co. v. United States*, 208 U.S. 452, 465 (1908)).

Defendant argues that the issue in this case is not as straightforward as *Brewer* and the Savings Statute suggest. He argues that the FSA mandates a different result in cases where the defendant has been charged, but not yet sentenced (so-called "pipeline cases").

The FSA does not expressly provide that it applies retroactively to defendants who

have already been sentenced. However, several district courts have held that the FSA's new regime does apply to defendants whose cases are "in the pipeline." *See, e.g., United States v. Hodges*, --- F. Supp. 2d ---, No. 10-CR-2, 2011 WL 611804 (M.D. Ga. Feb. 17, 2011); *United States v. Byars*, No. 10-CR-50, 2011 WL 344603 (D. Neb. Feb. 1, 2011); *United States v. English*, --- F. Supp. 2d ---, No. 10-CR-53, 2010 WL 5397288 (S.D. Iowa Dec. 30, 2010); *United States v. Douglas*, --- F. Supp. 2d ---, No. 09-202-P-H, 2010 WL 4260221 (D. Me. Oct. 27, 2010); *but see United States v. Dickey*, --- F. Supp. 2d ---, No. 3:2009-34, 2011 WL 49585 (W.D. Pa. Jan. 4 2011) (holding that the FSA does not apply to pipeline cases); *United States v. Ohaegbu*, No. 6:92-CR-35-Orl-19, 2010 WL 3490261, at * 2 (M.D. Fla. Aug. 31, 2010) ("[T]he [FSA] is not retroactive to offenses occurring prior to its enactment").

These courts reason that the necessary implication of applying the Savings Statute to pipeline cases renders the FSA essentially worthless for a number of years. In the FSA, Congress granted the United States Sentencing Commission "emergency authority" to promulgate new sentencing guidelines. FSA, § 8, 124 Stat. at 2374. It states that the commission shall "promulgate the guidelines, policy statements, or amendments . . . as soon as practicable" and it directs the Commission to "make such conforming amendments to the Federal sentencing guidelines as . . . necessary to achieve consistency with other guideline provisions and applicable law." *Id*. The Middle District of Georgia reasoned that this grant of authority evidences an intent for the FSA to apply to pipeline cases:

> No other interpretation as to the retroactive application of the FSA seems plausible. If the Court were to accept the [g]overnment's position, it would be required to sentence defendants a year or more from now under the old pre-FSA penalties for criminal conduct committed prior to the enactment of the FSA, while simultaneously sentencing defendants for post-August 3, 2010 conduct to substantially lower sentences. This would be an illogical result in light of Congress's mandate to the Commission to issue *emergency*

> guidelines—which became effective November 1, 2010—and the legislative history behind the FSA to restore fairness to crack cocaine sentencing.

*Hodges*, 2011 WL 611804, at *9. In other words, according to the District of Maine, "[i]t would be a strange definition of 'conforming' and 'consistency' to have these new amended Guidelines go into effect while the old and therefore inconsistent statutory minimums continue." *Douglas*, 2011 WL 4260221, at *5.

While these courts offer principled reasons for applying the FSA to pipeline cases, the court finds that the FSA applies only in cases where the criminal activity followed its enactment. This conclusion is consistent with the recent holdings of the Seventh and Second Circuit Courts of Appeal that the FSA is not retroactive in any respect. In *United States v. Fisher*, ---F.3d--- , No. 10-2353, 2011 WL 832942, at *3 (7th Cir. Mar. 11, 2011), the Seventh Circuit Court of Appeals held that "[g]iven the absence of any direct statement or necessary implication to the contrary, we reaffirm our finding that the FSA does not apply retroactively, and further find that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing." In *United States v. Acoff*, ---F.3d--- , No. 10-285-cr, 2011 WL 447043, at *1 (2d Cir. Feb. 10, 2011), the Second Circuit Court of Appeals held that the Savings Statute mandates that the FSA not apply to any defendants whose criminal conduct preceded the FSA's enactment.

Congress is well aware of the Savings Statute and easily could have evidenced an express intent for the FSA to apply to not-yet-sentenced defendants. For whatever reason, it chose not to. Although the district courts that have found retroactivity to pipeline cases advance an argument regarding congressional intent, nothing in the text of the FSA explicitly states that it is to be applied retroactively in any respect. In fact, the word retroactive never appears in the statute.

The Seventh and Second Circuit Courts of Appeal found this result regrettable in light of congress's clear goal in enacting the FSA. In fact, the Seventh Circuit stated:

> The [FSA] might benefit from a slight name change: The Not Quite as Fair as it could be Sentencing Act of 2010 (NQFSA) would be a bit more descriptive. But whether the FSA should be amended to more closely resemble its name is a matter for Congress. We can do nothing about it at this time.

*Fisher*, 2011 WL 832942, at *1. Judge Gerald E. Lynch of the Second Circuit opined that this result may be due to "simple congressional inattention." *Acoff*, 2011 WL 447043, at *4. Whatever the reason for Congress's failure to extend the FSA to cases in the pipeline, the reality is that it did not do so.

Because Defendant's criminal activity occurred before the FSA's enactment, the court shall sentence Defendant, in the event of conviction, consistent with the pre-FSA mandatory minimum sentences. The court declines to strike the drug quantity from the Indictment.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 18) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 16th day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA