# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-41-LRR |
| vs. | **ORDER** |
| MILO VAREEN DAVIS, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matters before the court are Defendant Milo Vareen Davis's "Motion in Limine" ("Motion") (docket no. 79) and Motion to Suppress (docket no. 55) and United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 74).

## II. RELEVANT PROCEDURAL HISTORY

On May 3, 2011, a grand jury returned a two-count Second Superseding Indictment (docket no. 67) against Defendant. Count 1 charges Defendant with Conspiracy to Distribute Marijuana, Cocaine and Cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 851. Count 2 charges Defendant with Money Laundering, in violation of 18 U.S.C. § 1956.

On April 25, 2011, Defendant filed the Motion to Suppress. Defendant argues that all references to particular controlled buys should be suppressed, because tapes of those buys had been destroyed. On May 2, 2011, the government filed a Resistance (docket no. 62) to the Motion to Suppress. On May 3, 2011, Judge Scoles held a ("Hearing") on the Motion to Suppress. On May 4, 2011, Judge Scoles filed a Report and Recommendation, which recommends that the undersigned deny the Motion to Suppress. On May 13, 2011, Defendant filed Objections (docket no. 91) to the Report and Recommendation.

On May 9, 2011, Defendant filed the Motion. On May 12, 2011, the court held a Final Pretrial Conference. On May 13, 2011, the government filed a Resistance (docket no. 88) to the Motion.

## III. ANALYSIS

As an initial matter, the court notes that a majority of the Motion apparently seeks to bar evidence that the government has no intention of introducing. The government describes this evidence on pages 2-3 of its Brief (docket no. 88-1) in support of its Resistance. The government also states that it will not introduce police reports which constitute inadmissible hearsay. To the extent the Motion seeks to bar this evidence, it is **DENIED AS MOOT**.

### A. Defendant's Prior Convictions

Next, Defendant seeks to exclude evidence regarding his prior convictions. The government does not intend to offer in its case-in-chief evidence of Defendant's September 2009 drug conviction. Resistance at 3. It does intend to offer a certified copy of Defendant's conviction for possession of a controlled substance in the Iowa District Court for Linn County. Federal Rule of Evidence 404(b) "prohibits the admission of other bad acts that are offered to 'prove the character of a person in order to show action in conformity therewith.'" *United States v. Hill*, ___ F.3d ___, 2011 WL 1642633, at * 1 (8th Cir. May 3, 2011). "Such evidence is admissible 'for certain limited purposes [when] it (1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs the probative value.'" *Id.* (quoting *United State v. Ali*, 616 F.3d 745, 752-53 (8th Cir. 2010)).

The court finds that this conviction is admissible under Rule 404(b). "It is settled in the [Eighth Circuit] that 'a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to

show knowledge and intent to commit a current charge of conspiracy to distribute drugs.'" *United States v. Robinson*, ___ F.3d ___, 2011 WL 1364460, at *3 (8th Cir. Apr. 12, 2011) (quoting *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002)). Accordingly, to the extent the Motion seeks to exclude Defendant's prior Linn County conviction, it is **DENIED**.

### C. Controlled Buy

Defendant seeks to exclude testimony related to a controlled buy. Defendant also raised this issue in his Motion to Suppress. The court has reviewed the transcript from the Hearing on the Motion to Suppress and has read the parties' briefs on that issue. The court finds Judge Scoles's Report and Recommendation on the issue to be fully supported by the facts and the law. The court fully incorporates the Report and Recommendation's analysis here to the extent it is relevant for purposes of this Motion. Accordingly, the Motion is **DENIED** to the extent it seeks to exclude testimony related to the controlled buy. Furthermore, the Motion to Suppress is **DENIED** and the Report and Recommendation is **ADOPTED**.

### D. Propensity Evidence

Defendant asserts that "the [g]overnment here attempts to use conspiracy to bridge the statute of limitations and utilize rules of evidence allowing the admission of testimony and exhibits of prior bad acts in conspiracy in order to evade the rules against propensity evidence." Motion at 6. This portion of the Motion is incredibly vague. Evidence regarding Defendant's involvement with drugs within the time period charged in the Indictment is relevant evidence of the conspiracy. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). If Defendant feels the government is offering evidence

3

outside of this time period to show Defendant's propensity to commit a crime, he is free to object. On the record before it, the court is unable to make a more specific ruling.

### E. Coconspirator Statements

Defendant seeks to exclude out-of-court coconspirator statements. "[A] statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). In making its determination on the admissibility of coconspirator statements, the court shall follow the procedure outlined in *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978):

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice.

Accordingly, the Motion is **DENIED** to the extent it seeks to bar coconspirator statements.

### F. Bill of Particulars

In a footnote, Defendant states that the government "must now choose to name its alleged coconspirators." Motion at 10 n.4. The government characterizes this as a request

for a bill of particulars. "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). There is a split of authority regarding whether a motion for a bill of particulars is the proper procedure to ascertain names of unindicted coconspirators. *Compare United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators[.]"), *with United States v. Griffith*, 362 F. Supp. 2d 1263, 1278 (D. Kan. 2005) ("[D]etails about the conspiracy and co-conspirators, is not only not properly the subject of a bill of particulars, they have this information through discovery."). Regardless of how the court characterizes Defendant's argument, it declines to bar any evidence on this ground. If the court characterizes Defendant's footnote as a request for a bill of particulars, it is untimely. Defendant must request a bill of particulars within 14 days of arraignment. Fed. R. Crim. P. 7(f). Defendant was arraigned on the first Indictment on October 19, 2010. He waived arraignment on the two subsequent Indictments. However, even if the court construed this as a timely request for a bill of particulars, Defendant has the desired information through discovery.

Defendant makes arguments related to multiple conspiracies. The court declines to make any pretrial rulings regarding evidence related to multiple conspiracies. At the close of the evidence, the court will evaluate whether a multiple conspiracy instruction is appropriate.

### IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 91) is **DENIED**. The Motion to Suppress (docket no. 55) is **DENIED**. The Report and Recommendation (docket no. 74) is **ADOPTED**

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA